IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Senyu Business Decoration,<br><br>    Plaintiff,<br><br>v.<br><br>Loeffler Randall Inc.,<br><br>    Defendant. | Case No. 1:25-cv- 9606<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff Senyu Business Decoration ("Plaintiff") hereby brings the present action against the Loeffler Randall Inc. (hereinafter, "Defendant") and alleges as follows:

### I. INTRODUCTION

Plaintiff brings this action against the Defendant for the untrue complaints, business libel and malicious interference with business operation.

### II. PARTIES

1. Plaintiff Senyu is a company founded and operating under the laws of the People's Republic of China. Plaintiff Senyu owns several online e-commerce shops that are engaged in the business of designing, manufacturing, distributing, and selling women footwear ("Plaintiff's Products").

2. Defendant Loeffler Randall Inc. ("Defendant") is a limited liability company organized under the laws of New York, engaged in the business of selling women's footwear and apparel.

1

### III. NATURE OF THE ACTION

3. This is a civil action for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*, including § 501.

4. Plaintiff also seeks a declaratory judgment of noninfringement pursuant to 28 U.S.C. § 2201(a) and 17 U.S.C. § 101 et seq.

5. Additionally, this action asserts a claim for tortious interference with business relations and/or prospective economic advantage.

6. Lastly, this action sues for Violation of Illinois Deceptive Trade Practices Act.

### IV. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

8. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C §1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 because Defendant is a limited liability company organized under the laws of the State of Delaware and is subject to personal jurisdiction in this District. Defendant directly targets business activities toward consumers in the United States, including Illinois, through a fully interactive e-commerce store operating on various e-commerce platforms. Accordingly, this Court may properly exercise personal jurisdiction over Defendant.

### V. GENERAL FACTS

10. Amazon's IP complaint system allows rights holders to enforce their intellectual property by submitting facially valid certificates. Upon receipt of such a complaint, Amazon typically removes or disables the accused product listings immediately, without prior notice to the

2

seller. The affected inventory is frozen in Amazon's fulfillment centers, and the seller is rendered unable to fulfill orders or generate sales revenue from the impacted products. Although accused sellers are permitted to submit non-infringement analyses or rebuttal evidence, Amazon generally presumes the validity of facially effective intellectual property documentation and gives significant deference to the complainant's representations. As a result, sellers often have no meaningful recourse through Amazon's internal procedures, and the takedowns remain in effect regardless of the merits of the infringement allegation.

11. On July 7, 2025, Defendant submitted an Amazon IP Complaint (ID 17834543061), targeting multiple ASINs associated with Plaintiff's storefront. (See Exhibit 1) In this Complaint, Defendant accused Plaintiff of copyright infringement **but failed to provide any supporting documentation, such as a copyright registration certificate, copyright number, or proof of ownership.**

12. In response, Plaintiff obtained independent legal analyses from a U.S. attorney, which stated this Amazon Complaint is questionable.

13. Plaintiff continues to suffer harm from Defendant's misconduct, including the current threat of product removal, unsellable inventory, reputational damage, and lost business relationships with Amazon and customers. Unless Defendant's conduct is enjoined, Plaintiff faces imminent and irreparable harm.

14. Plaintiff has operated its storefronts on Amazon for multiple years and have archived consistent sales and built a loyal customer base. Prior to Defendant's interference, Plaintiff enjoyed substantial daily sales and maintained a valid and ongoing business relationship with Amazon, with a reasonable expectancy of continued commercial success. Defendant had full

knowledge of this ongoing relationship, given the visibility and scale of Plaintiff's listings and their repeated targeting of Plaintiff's specific ASINs.

15. Upon information and belief, Defendant's actions were intentional and calculated to disrupt Plaintiff's business. Defendant continued to assert baseless claims under the color of a facially valid patent, exploiting Amazon's automated takedown system. Defendant's conduct constitutes an intentional and unjustified interference with the Plaintiff's prospective economic advantage and ongoing contractual relationship with Amazon.

16. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered substantial economic harm. Plaintiff's store has incurred cumulative lost profits totaling over [Money Placeholder], resulting from delisting, lost customer traffic, frozen inventory, and long-term reputational damage within the Amazon marketplace.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF COPYRIGHT

17. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

18. Pursuant to 28 U.S.C. § 2201(a), "in a case of actual controversy within its jurisdiction…..any court of the United States…. may declare the rights and other legal relations of any interested party seeking any declaration."

19. Here, Defendant submitted a copyright infringement complaint to Amazon without providing any documentation or evidence demonstrating ownership of a valid copyright. As a result of this baseless accusation, Plaintiff seeks a declaratory judgment from this Court confirming that Plaintiff has not infringed any copyright held by Defendant.

## COUNT II

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS OR PROSPECTIVE ECONOMIC ADVANTAGE

20. Under Illinois Common Law, the four elements for Tortious Interference of Prospective Economic Advantage include (1) a valid business relationship or expectancy; (2) the defendant's knowledge of that relationship; (3) the intentional and unjustified interference; and (4) the resulting damage to the plaintiff.

21. Under *Fellhauer v. City of Geneva*, 568 N.E.2d 870 (Ill. 1991), it is generally recognized by the Illinois courts that to prevail on a claim for tortious interference with a prospective economic advantage, a plaintiff must prove: (1) his reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge; (3) the purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damage to the plaintiff resulting from such interference.

22. Based on the facts alleged above, Plaintiff has a valid claim of Tortious Interference with Business Relations or Prospective Economic Advantage.

## COUNT III

### VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICE ACT

23. Pursuant to the Illinois Deceptive Trade Practices Act (DTPA), 815 ILCS 510/2, "a person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she: …. (8) Disparages the goods, services, or business of another by false or misleading representation of fact."

24. Based on the facts alleged above, Plaintiff has a valid claim of Tortious Interference with Business Relations or Prospective Economic Advantage.

**JURY DEMAND**

25. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. A judgment against Defendant as to the alleged causes of action.

2. An order enjoining Defendant, their officers, agents, employees, affiliates, and all persons acting in concert with them from further acts of false complaints to Amazon, and further tortious interference with business relations;

3. An order directing any third-party platforms, including but not limited to Amazon, Alibaba, eBay, AliExpress, and similar providers, to reinstate and reopen any listings, advertisements, or sales channels operated by Plaintiff in connection with Plaintiff's Products;

4. An order requiring Defendant to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which they have complied with the injunction;

5. An award of damages adequate to compensate Plaintiffs for Defendant's wrongful facts;

6. Such other and further relief as the Court may deem just and proper.

Dated: July 24, 2025

                                      Respectfully submitted
By: /s/ *Marjorie Ouyang*
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@aliothlaw.com
*Attorney for Plaintiff*